IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **10-cv-1879-AP**
Bankruptcy Case No. **08-24670 SBB**
Adversary Proceeding No. **10-01013 SBB**

**ROLLAND NELSON ELLIS,**

        Plaintiff Appellant/Debtor,

v.

**UNITED STATE DEPARTMENT OF HOMELAND SECURITY,**

        Defendant Appellee.

---

**ORDER STRIKING MOTION FOR LEAVE TO APPEAL AND RESPONSE**

---

Kane, J.

This bankruptcy appeal appears to be a challenge to the bankruptcy court's July 20, 2010 "Judgment" denying Defendant's Rule 12(c) Motion for Judgment on the Pleadings in an Adversary Proceeding initiated by the Debtor, Mr. Ellis. The Adversary Proceeding consists of a claim under 11 U.S.C. § 525(a) that Defendant Department of Homeland Security discriminated against Mr. Ellis by terminating him from employment with the Department on the basis of his bankrupt status. In his July 20 filing, Judge Brooks summarily denied Defendant's Motion for Judgment on the Pleadings in the Adversary Proceeding, and entered "judgment" in favor of Plaintiff.

Whether the July 20 order, which is titled "Judgment," constitutes an interlocutory order appealable only with leave of the District Court under 28 U.S.C. § 158(a)(3) or is a final judgment appealable without leave under § 158(a)(1) is unclear on the record before

me.  While Defendant appears to think it is the former (having accompanied its Notice of Appeal with a Motion for Leave to Appeal under Fed. R. Bank. P. 8001(b) (Doc. 2)), the 16-page Motion, and Plaintiff's Response to it (Doc. 7) are essentially briefs on the merits of Defendant's appeal rather than explications for why an interlocutory appeal of the order denying Defendant's Rule 12(c) Motion is appropriate or not under Rule 8001(b).  In this regard, I note the July 20 "Judgment" (attached as Ex. A-1 to Def's Mot. for Leave to Appeal) included no legal analysis, no findings, and no conclusions of law.  The process would seem to be better served by permitting the bankruptcy court to assay to finality the import and application of 11 U.S.C. § 525(a) in the first instance, rather than have a district judge do so in the context of an interlocutory appeal of a summary denial of a Rule 12 motion made on the briefs.

   Accordingly, the Motion for Leave to Appeal (Doc. 2) and Response to Motion (Doc. 7) are STRICKEN with leave to refile.  In its refiled Motion, the government shall limit its briefing to the grounds supporting why an interlocutory appeal of the Bankruptcy Court's July 20 denial of Defendant's Rule 12(c) Motion is appropriate.  Because Mr. Ellis purports not to object to the interlocutory appeal, his refiled Response shall limit itself to the same question.  Thought should also be given as to whether the potentially different or supplemental legal arguments the parties seem intent on making on appeal should be addressed first to the bankruptcy court, perhaps in a joint motion for reconsideration.

Based on the foregoing, the parties are ORDERED to CONFER regarding the substance of this Order.  Should both remain intent on pursuing their arguments in an interlocutory appeal, the government's refiled Motion for Leave is due on or before September 2, 2010.  Mr. Ellis's response is due Friday, September 17, 2010.

Dated:  August 19, 2010.            *s/John L. Kane*  
                                    SENIOR U.S. DISTRICT JUDGE