IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01879-MSK

ROLLAND NELSON ELLIS,           Bankruptcy Appeal
                                Bankruptcy Adversary Proceeding 10-01013 SBB
    Appellee/Plaintiff/Debtor,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

    Appellant/Defendant
_____

**ORDER VACATING ORDER OF SEPTEMBER 9, 2010
AND REMANDING MATTER TO THE BANKRUPTCY COURT**
_____

THIS MATTER comes before the Court, *sua sponte*. This is an interlocutory appeal brought pursuant to 28 U.S.C. § 158(a) from the Bankruptcy Court's denial of a Motion for Judgment on the Pleadings brought by the United States Department of Homeland Security (DHS) pursuant to Fed. R.Bank.R. 7012(b) and Fed. R.Civ.P. 12(c). An unopposed Motion for Leave to Appeal **[#10]** was granted by Judge John L. Kane on September 9, 2010 **[#11]**. For the reasons set forth below, the Court finds that leave to proceed with an interlocutory appeal was improvidently granted and that this matter should be remanded to the Bankruptcy Court.

The requirements of 28 U.S.C.§ 1292 apply to interlocutory appeals from decisions of Bankruptcy Courts. *In re Fox*, 241 B.R. 224, 233 (10th Cir. BAP 1999). Courts may authorize interlocutory appeals only in **exceptional circumstances** when 1) the matter involves a controlling issue of law for which there is substantial ground for difference of opinion, and 2) resolution of the appeal will materially advance the ultimate termination of the litigation. Exceptional circumstances such as may permit an

interlocutory appeal in a bankruptcy context would include those where prohibiting review would force the appellant to irrevocably lose an important right and where the appellant would effectively be denied review if the proceeding progressed to its natural end. See, e.g. *Patterson v. Washita State Bank (In re Denton)*, 236 B. R. 418, 419 (10th Cir. BAP 1999).

Unfortunately, the Order granting leave to proceed with this appeal did not contain specific findings or address this standard. Apparently leave was granted simply because DHS's Motion was unopposed. Because the standards for determining whether an interlocutory appeal is appropriate are objective, mere agreement between parties is insufficient. See e.g. *Linton v. Shell Oil Co.*, 563 F.3d 556, 558 (5th Cir. 2009) ("strongly suggest[ing]" that district judges provide more than "a bare finding that the statutory requirements have been satisfied when certifying an interlocutory appeal.) The parties also agree as to the issues that they would like to have determined in this matter:

1) Whether the Bankruptcy Court erred in determining that DHS's suitability determination with regard to a contract security guard was a "license" within the meaning of 11 U.S.C.§ 525(a)?

2) Whether DHS' unfavorable determination was based solely upon the Debtor's bankruptcy case?

These questions are somewhat unusual given that this appeal is from a denial of a Rule 12(c) motion, and although the parties characterize these as issues of law, the second issue clearly involves issues of fact.

In addition, there is no record of findings, analysis or conclusions of law made by the Bankruptcy Court with regard to either issue. The Order denying DHS' Motion for

Judgment on the Pleadings apparently was entered orally. It is reflected in a minute order (Bankruptcy Docket # 23) that did not recite findings, analysis or conclusions. It was followed by a document entitled "Judgment" (Bankruptcy Docket # 24) which also reflects denial of DHS's Motion, but is devoid of findings, analysis and conclusions. No transcript of the oral ruling by the Bankruptcy Judge has been designated in this appeal nor any apparent in the Bankruptcy Court docket. Thus, this Court has no way to review what the Bankruptcy Judge found or concluded.

On this record, the Court cannot conclude that exceptional circumstances exist to justify an interlocutory appeal. I agree with the observation made by Judge John L. Kane in his order striking DHS' initial motion for leave to appeal and the Debtor's response. "The process would seem to be better served by permitting the bankruptcy court to assay to finality the import and application of 11 U.S.C. §525(a) in the first instance, rather than to have a district judge do so in the context of an interlocutory appeal of a summary denial of a rule 12 motion...." **[#9 ]**.

**IT IS THEREFORE ORDERED** that the Order granting Leave to Appeal **[#11]** is **VACATED**. Leave to appeal pursuant to 28 U.S.C.§ 1292 is **DENIED**. This matter is **REMANDED** to the United States Bankruptcy Court for the District of Colorado.

DATED this 23rd day of June, 2011.

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge